THE STATE, DAVID P. CARPENTER, PROSECUTOR, v. ALBERT D. BROWN ET AL., DEFENDANTS.

The return of the surveyors appointed to open a public road is accompanied by a map which shows the prosecutor's dwelling house as standing clear of the road described in the return. There is nothing in the return to indicate otherwise. *Held,* that the prosecutor is not entitled to have this return disturbed because an expert surveyor employed by him is of opinion that the courses and distances described in the return include part of the prosecutor's dwelling.

On *certiorari.*

Argued at June Term, 1890, before Justices REED and GARRISON.

For the prosecutor, *Leslie Lupton.*

For the defendants, *E. Cutter.*

The opinion of the court was delivered by

GARRISON, J.    This *certiorari* brings up the return of the surveyors appointed by the Court of Common Pleas of the county of Middlesex to make a certain alteration in a public road in said county.    The prosecutor seeks to set aside this return for two reasons : First. Because there is a material and fatal variation between the application for the alteration of the said public road and the return of said surveyors thereon.    In regard to this reason it is sufficient to say that the variation between the application for the road and the return of the surveyors is no greater than is consistent with the exercise by the latter of a reasonable discretion in laying out the road applied for.

The second reason is, " Because upon the lands of the prosecutor, within the physical boundaries of the said public road by the said return of the surveyors ordered to be altered and opened, were then, and now are, two dwelling houses."    Of the two dwelling houses mentioned in this reason one only, namely, that to the east of the proposed road, is a dwelling within the meaning of the statute.    *Rev., p.* 1010, § 79.    The other structure is a storehouse or shop, the rear portion of which has occasionally been occupied by tenants as a temporary place of abode.    It cannot, in any proper classification of buildings, be deemed a dwelling house.

The house on the easterly side of the proposed road is a dwelling.    The special damage of which the prosecutor complains is, that this dwelling is within the road described in the return.    There is nothing on the face of the proceedings to

*24 Vroom.*                    Stokes v. Parker.

indicate this fact, nor does the evidence taken by the parties do more than show that there is a difference of opinion between two expert witnesses as to the proper selection of the starting point intended by the township surveyors in describing the said road. Where it is sought to set aside proceedings upon the ground of their illegality, it is not enough to raise doubts. The court must be satisfied that the proceedings as they stand violate some legal right of the prosecutor.

The language of the return of the surveyors fails to show that the prosecutor's dwelling lies within the line of the road. The map, however, which accompanies the return delineates the road as passing to the eastward of the dwelling house and clearing it entirely. The precise function of the map, which by the Road act is made a necessary part of every return of surveyors, has not been judicially determined, but the statute requires that it shall contain references to the most remarkable places and improvements through which the proposed road shall pass. The map is, therefore, lawfully before us, and the delineation of the prosecutor's dwelling in its relation to the proposed road is part of the map, and, hence, part of the return. It cannot, therefore, be said that the prosecutor is injured by this return. There being nothing in the proceedings before us to show an infringement upon the prosecutor's rights, the writ of *certiorari* which he has prosecuted must be dismissed, with costs.